**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FEDERAL INSURANCE COMPANY,     )
      )
         Plaintiff,     )
      )
v.                            )
      )
QUINCY BIOSCIENCE, LLC and    )
MARY ANN RIKSHEIM         )
      )
         Defendant.  

```
FILED: APRIL 15, 2008
NO.08CV2128           TG
JUDGE KENNELLY
MAGISTRATE JUDGE NOLAN
```

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES, the Plaintiff, FEDERAL INSURANCE COMPANY, (hereinafter "Federal") by and through its attorneys, TRESSLER, SODERSTROM, MALONEY, & PRIESS, and as its Complaint for Declaratory Judgment against Defendant, QUINCY BIOSCIENCE, LLC AND MARY ANN RIKSHEIM (hereinafter "QUINCY"), alleges as follows:

**NATURE OF THE ACTION AND RELIEF SOUGHT**

1.     This is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

2.     Plaintiff seeks a declaration that it owes neither a duty to defend nor a duty to indemnify with regard to a putative class action lawsuit filed against Quincy styled *Mary Ann Riksheim v. Quincy Bioscience*, No. 08 CH 2226 (Circuit Court of Cook County, Illinois) (hereinafter the "*Riksheim* suit").

**PARTIES**

3.     Federal is a corporation organized and existing under the laws of the State of Indiana with its principal place of business in New Jersey. Federal is and was authorized to do business and was actually doing business at all relevant times in Illinois.

4.     Defendant, Quincy, is a Wisconsin corporation that has offices at 455 Science Drive, Suit, 120 Madison, WI 53711.

5.     Defendant, Mary Ann Riksheim, is a Licensed Clinical Social Worker who resides in Illinois and maintains her practice at 3612 W. Lincoln Hwy., suite 14B, Olympia Fields, IL 60461. Ms. Riksheim is joined in this action only as a potential necessary party.

## JURISDICTION AND VENUE

6.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. The amount in controversy is in excess of $75,000.00.

7.     The total policy limits at issue in this insurance coverage action equal $1,000,000.00. A detailed description of the policies at issue is set forth in further detail below. See Exhibit A.

8.     Moreover, the potential cost of defense is substantially certain to exceed $75,000.00 because Quincy will have to undertake a number of tasks to defeat the allegations in the underlying class action suit, including, but not limited to, preparation and analysis of extensive discovery regarding class certification, depositions of critical witnesses regarding class certification issues, preparation of opposition to a class certification motion, preparation and analysis of written discovery regarding liability and damages issues, depositions of numerous class members regarding liability and damages issues, settlement analysis, trial preparation, trial, and appeal.

9.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (a) and (c).

## THE FEDERAL POLICY

10.     Federal issued primary commercial general liability policy number 3584-96-38 to Quincy, with an effective period of April 15, 2007 to April 15, 2008. A copy of the Federal policy is attached hereto as Exhibit A.

11.    The Federal policy provides that Federal will pay damages that the insured becomes legally obligated to pay by reason of liability:

- imposed by law; or

- assumed under an insured contract;

    for "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies.

12.    The Federal policy provides further that this coverage only applies to such "bodily injury" or "property damage" that occurs during the policy period.

13.    The Federal policy also provides that Federal will pay damages that the insured becomes legally obligated to pay by reason of liability:

- imposed by law; or

- assumed in an insured contract;

    for "advertising injury" or "personal injury" to which this coverage applies.

14.    The Federal policy further provides that this coverage only applies to such "advertising injury" or "personal injury" caused by an offense that is first committed during the policy period.

15.    The Federal policy provides that Federal will have the right and duty to defend the insured against a suit.  However, the policy provides further that Federal has no duty to defend any person or organization against any suit seeking damages to which the insurance does not apply.

16.    The Federal policy defines "bodily injury" as

    "Bodily injury" means physical:

- injury;

3

- sickness; or

- disease;

sustained by a person, including resulting death, humiliation, mental anguish, mental injury or shock at any time. All such loss shall be deemed to occur at the time of the physical injury, sickness or disease that caused it.

17.    The Federal policy defines "property damage" as:

"Property damage" means:

- physical injury to tangible property, including resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

- loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the occurrence that caused it.

Tangible property does not include any software, data or other information that is in electronic form.

18.    The Federal policy defines "advertising injury" as:

"Advertising injury" means injury, other than "bodily injury," "property damage" or "personal injury," sustained by a person or organization and caused by an offense of infringing, in that particular part of your advertisement about your goods, products or services, upon their:

- copyrighted advertisement; or

- registered collective mark, registered service mark or other registered trademarked name, slogan, symbol or title.

19.    The Federal policy defines "personal injury" as:

4

"Personal injury" means injury, other than "bodily injury," "property damage," or "advertising injury," caused by an offense of:

    A.  false arrest, false detention or other false imprisonment;

    B.  malicious prosecution;

    C.  wrongful entry into, wrongful eviction of a person from or other violation of a person's right of private occupancy of a dwelling, premises or room that such person occupies, if committed by or on behalf of its landlord, lessor or owner;

    D.  electronic, oral written or other publication of material that:

        1.  libels or slanders a person or organization (which does not include disparagement of goods, products, property or services);

        2.  violates a person's right of privacy;  or

    E.  discrimination, harassment or segregation based on a person's age, color, national origin, race, religion or sex.

20.    The Federal policy defines "occurrence" as an "accident, including continuous or repeated exposure to substantially the same general harmful conditions."

21.    The Federal policy contains an Information Distribution Laws Exclusion, which provides:

With respect to all coverages under this contract, this insurance does not apply to any damages, loss, cost or expense arising out of any actual or alleged violation of:

- the United States of America CAN-SPAM Act of 2003 or any law amendatory thereof;

5

- the United States of America Telephone Consumer Protection Act (TCPA) of 1991 or any law amendatory thereof; or

- any other ordinance, regulation or statute relating to communicating, distribution, publication, sending or transmitting of content, information or material.

22. The Federal policy contains the following "expected or intended injury" exclusion applicable to "bodily injury" or "property damage:"

This insurance does not apply to "bodily injury" or "property damage" arising out of an act that:

- is intended by the insured; or

- that would be expected from the standpoint of a reasonable person in the circumstances of the insured;

to cause "bodily injury" or "property damage", even if the actual "bodily injury" or "property damage" is of a different degree or type than intended or expected."

23. The Federal policy contains the following "expected or intended injury" exclusion applicable to "advertising injury" or "personal injury:"

This insurance does not apply to "advertising injury" or "personal injury" arising out of an offense, committed by or on behalf of the insured, that:

- is intended by such insured; or

- would be expected from the standpoint of a reasonable person in the circumstances of such insured;

to cause injury.

6

24.     The Federal policy also excludes coverage for claims arising out of prior offenses. The policy provides:

> This insurance does not apply to "advertising injury" or "personal injury" arising out of any offense first committed before the beginning of the policy period.

### THE UNDERLYING SUIT

25.     Mary Ann Riksheim filed the *Riksheim* suit on January 17, 2007. A copy of the complaint is attached hereto as Exhibit B.

26.     The plaintiff in the *Riksheim* Suit seeks damages and injunctive relief arising out her receipt of an unsolicited facsimile in alleged violation of the Telephone Consumer Protection Act ("TCPA").

27.     The plaintiff in the *Riksheim* suit also attempts to establish a class action suit on behalf of certain similarly situated persons.

### COUNT ONE

### FOR DECLARATORY JUDGMENT ON THE DUTY TO DEFEND

28.     Federal incorporates paragraphs 1 - 27 as if fully set forth herein.

29.     Federal seeks a declaration that it does not owe a duty to defend to Quincy for the following reasons:

> A. The Information Distribution Laws Exclusion bars even the potential for coverage for the *Riksheim* suit.
>
> B. The *Riksheim* suit does not allege "bodily injury," "property damage," "personal injury," or "advertising injury" as those terms are defined in the policy.

C. Even if the *Riksheim* suit did allege "bodily injury," "property damage," "advertising injury," or "personal injury," which it does not, the Expected or Intended Exclusions bar coverage.

D. Even if the *Riksheim* suit did allege "bodily injury" or "property damage," which it does not, the suit does not allege an "occurrence."

E. Even if the *Riksheim* suit did allege "advertising injury," or "personal injury," which it does not, the Prior Offenses Exclusion bars coverage.

F. The policies in question do not provide coverage for injunctive relief, equitable relief or attorneys fees incurred by the underlying plaintiffs.

## COUNT TWO

## FOR DECLARATORY JUDGMENT ON THE DUTY TO INDEMNIFY

30. Federal incorporates paragraphs 1 - 29 as if fully set forth herein.

31. Federal seeks a declaration that it does not owe a duty to indemnify to Quincy for the following reasons.

A. The Information Distribution Laws Exclusion Bars coverage for the *Riksheim* suit.

B. The *Riksheim* suit does not involve "bodily injury," "property damage," "personal injury," or "advertising injury" as those terms are defined in the policy.

C. Even if the *Riksheim* suit did involve "bodily injury," "property damage," "advertising injury," or "personal injury," which it does not, the Expected or Intended Exclusions bar coverage.

D. Even if the *Riksheim* suit did involve "bodily injury" or "property damage," which it does not, the suit does not involve an "occurrence."

E. Even if the *Riksheim* suit did involve "advertising injury," or "personal injury," which it does not, the Prior Offenses Exclusion bars coverage.

F. The policies in question do not provide coverage for injunctive relief, equitable relief or attorneys fees incurred by the underlying plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Federal Insurance Company respectfully requests that judgment be entered in its favor and against Quincy as follows:

A. Declaring that Federal does not owe a defense obligation to Quincy with regard to the *Riksheim* suit;

B. Declaring that Federal does not owe an indemnity obligation to Quincy with regard to the *Riksheim* suit;

C. Awarding Federal the costs of this suit; and

D. Awarding Federal such other and further relief as the Court deems just.

FEDERAL INSURANCE COMPANY


/s/ Daniel J. Cunningham
Daniel J. Cunningham

TRESSLER, SODERSTROM, MALONEY & PRIESS
Sears Tower, 22nd Floor,
233 South Wacker Drive
Chicago, Illinois  60606-6308
(312) 627-4000;
Fax: (312) 627-1717
Email:  dcunningham@tsmp.com